# EXHIBIT B

## NOTICE OF REMOVAL

*Rodney Johnson v. Enhanced Recovery Company, LLC*
County Court, Denver County, Case No. 2015-C-66906

| County Court, County of Denver, Colorado<br>Court Address:<br>1437 Bannock Street<br>Denver, CO 80202 | |
|---|---|
| Plaintiff: Rodney Johnson<br><br>v.<br><br>Defendant: Enhanced Recovery Company, LLC, a Delaware limited liability company | ↑ COURT USE ONLY ↑ |
| Attorney for Plaintiff:<br>David M. Larson, Esq.<br>88 Inverness Circle East, Suite E-102<br>Englewood, CO 80112<br>Phone Number: 303-799-6895<br>Atty. Reg. #: 032811 | Case Number:<br><br>Division:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

3. Venue is proper in this Court.

## PARTIES

4. Plaintiff Rodney Johnson is a natural person.

5. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

6. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Enhanced Recovery Company, LLC is a Delaware limited liability company operating from an address at 8014 Bayberry Road, Jacksonville, Florida, 32256.

8. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

9. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. The Defendant is licensed as a collection agency by the state of Colorado.

11. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

12. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

14. Sometime before 2014 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal account owed to Comcast (hereinafter the "Account").

15. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16. The Account went into default with Comcast.

17. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection, Defendant's account number 93164682.

18. The Plaintiff disputes the Account.

19. The Plaintiff requests that the Defendant cease all further communication on the Account.

20. The Defendant's collector(s) were employee(s) and/or agent(s) of the Defendant at all times mentioned herein.

21. The Defendant acted at all times mentioned herein through its employee(s) and/or agent(s).

22. In the year prior to the filing of the instant action the Plaintiff and the Defendant had telephone conversation(s) regarding the Account.

23. The telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) of the Defendant regarding the Account each conveyed information regarding the Account directly or indirectly to the Plaintiff.

24. The telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) of the Defendant regarding the Account each constituted a "communication" as defined by FDCPA § 1692a(2).

25. On October 28, 2014 the Plaintiff had telephone conversation(s) regarding the Account with the Defendant via its employee(s).

26. During the telephone conversation(s) on October 28, 2014 between the Defendant and the Plaintiff regarding the Account the Defendant stated that the Defendant had the Account and stated the balance due on the Account to Comcast.

27. During the telephone conversation(s) on October 28, 2014 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account.

28. During the telephone conversation(s) on October 28, 2014 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account with the Defendant.

29. During the telephone conversation(s) on October 28, 2014 between the Plaintiff and the Defendant regarding the Account the Plaintiff notified the Defendant that the Account is disputed.

30. During the telephone conversation(s) on October 28, 2014 between the Plaintiff and the Defendant regarding the Account the Plaintiff informed the Defendant that the Account is disputed.

31. The Defendant was aware that the Account is disputed on October 28, 2014.

32. The Defendant was informed that the Account is disputed on October 28, 2014.

33. After October 28, 2014 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian and/or Equifax and/or Transunion, credit reporting agencies.

34. After October 28, 2014 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the

balance due on the Account, to Experian and/or Equifax and/or Transunion the Defendant did not communicate to Experian and/or Equifax and/or Transunion that the Account was disputed.

35. The information communicated to Experian and/or Equifax and/or Transunion by the Defendant after October 28, 2014 on the Account conveyed information regarding the Account directly or indirectly to Experian and/or Equifax and/or Transunion.

36. The information communicated regarding the Account by the Defendant to Experian and/or Equifax and/or Transunion after October 28, 2014 constituted a "communication" as defined by FDCPA § 1692a(2).

37. The Defendant communicated the information regarding the Account after October 28, 2014 to Experian and/or Equifax and/or Transunion in connection with the collection of the Account.

38. In November 2014 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian and/or Equifax and/or Transunion, credit reporting agencies.

39. In November 2014 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian and/or Equifax and/or Transunion the Defendant did not communicate to Experian and/or Equifax and/or Transunion that the Account was disputed.

40. The information communicated to Experian and/or Equifax and/or Transunion by the Defendant in November 2014 on the Account conveyed information regarding the Account directly or indirectly to Experian and/or Equifax and/or Transunion.

41. The information communicated regarding the Account by the Defendant to Experian and/or Equifax and/or Transunion in November 2014 constituted a "communication" as defined by FDCPA § 1692a(2).

42. The Defendant communicated the information regarding the Account in November 2014 to Experian and/or Equifax and/or Transunion in connection with the collection of the Account.

43. Upon information and belief in the year prior to the filing of the instant action the Defendant regularly reported information on Account(s) that it was attempting to collect to Experian, Equifax and Transunion.

4

44. Upon information and belief in the year prior to the filing of the instant action the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian and/or Equifax and/or Transunion.

45. Upon information and belief in the year prior to the filing of the instant action the Defendant reported information to Experian and/or Equifax and/or Transunion on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

46. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian and/or Equifax and/or Transunion regarding the Account.

47. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian and/or Equifax and/or Transunion on the Account after September 2014.

48. The Defendant did not communicate to Experian and/or Equifax and/or Transunion that the Account is disputed on or before September 17, 2015.

49. After October 28, 2014 the Defendant communicated information regarding the Account to Comcast.

50. After October 28, 2014 the Defendant communicated to Comcast the balance on the Account.

51. After October 28, 2014 the Defendant communicated to Comcast the account number for the Account.

52. After October 28, 2014 when the Defendant communicated information regarding the Account to Comcast the Defendant did not communicate to Comcast that the Account was disputed.

53. The information regarding the Account communicated to Comcast by the Defendant after October 28, 2014 conveyed information regarding the Account directly or indirectly to Comcast.

54. The information regarding the Account communicated by the Defendant to Comcast after October 28, 2014 constituted a "communication" as defined by FDCPA § 1692a(2).

55. The Defendant communicated the information regarding the Account to Comcast after October 28, 2014 to Comcast in connection with the collection of the Account.

56. The Defendant did not communicate to Comcast that the Account is disputed on or before September 17, 2015.

57. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Comcast regarding the Account.

58. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Comcast regarding the Account after September 2014.

59. On information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff and/or voicemail message(s) left for the Plaintiff by the Defendant in the year prior to the filing of the instant action.

60. On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone conversation(s) with the Plaintiff and/or voicemail message(s) left for the Plaintiff by the Defendant in the year prior to the filing of the instant action.

61. On information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff and/or voicemail message(s) left for the Plaintiff by the Defendant in the year prior to the filing of the instant action.

62. On information and belief the Defendant has a copy and/or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff and/or voicemail message(s) left for the Plaintiff by the Defendant in the year prior to the filing of the instant action.

63. On information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff and/or voicemail message(s) left for the Plaintiff by the Defendant in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

64. The Defendant's statement(s) and/or action(s) and/or omission(s) constitute false and/or misleading representation(s) and/or mean(s) and violate FDCPA 1692e preface and/or e(2)(A) and/or e(8) and/or e(10).

65. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

66. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

67. A debt collector's actions in communicating information about a payment on an account to the creditor can constitute a violation of the FDCPA. Baker v. I.Q. Data International, Inc., 14-cv-00114-WJM-MEH, 2015 WL 1945148 (D. Colo. April 29, 2015).

68. Credit reporting constitutes an attempt to collect a debt. See, e.g., Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

69. As a consequence of the Defendant's action(s) in the year prior to the filing of the instant action, the Plaintiff seeks damages in an amount to be determined by the jury pursuant to FDCPA § 1692k(a) and Plaintiff's costs and reasonable attorney's fees pursuant to FDCPA § 1692k(a)(3).

## COUNT I, FDCPA VIOLATION

70. The previous paragraphs are incorporated into this Count by reference.

71. The statement(s) and/or act(s) and/or omission(s) of the Defendant constitute a violation of the FDCPA § 1692e preface and/or e(2)(A) and/or e(8) and/or e(10).

72. Pursuant to FDCPA § 1692k the Plaintiff seeks damages in an amount to be determined by the jury pursuant to FDCPA § 1692k(a) and Plaintiff's costs and reasonable attorney's fees pursuant to FDCPA § 1692k(a)(3).

## JURY DEMAND

Plaintiff hereby makes demand for jury trial in this case.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1. Judgment in favor of the Plaintiff and against the Defendant.

2. Damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1692k(a).

3. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

4. Post Judgment Interest.

                                                  Respectfully submitted,

                                                  */s/ David M. Larson*

                                                David M. Larson, Esq., # 032811
                                                88 Inverness Circle East, Suite E-102
                                                Englewood, CO 80112
                                                (303) 799-6895
                                                Attorney for the Plaintiff